David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com
-------------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| VIGILANT INSURANCE COMPANY, | **ECF CASE** |
| Plaintiff, | |
| - against - | 08 Civ. 6462 (AKH) |
| M/V "HORIZON HAWAII", her engines, tackle, boilers, etc., in rem; HORIZON LINES, LLC; FMC CORPORATION; FMC CORPORATION d/b/a FMC BIOPOLYMER | **COMPLAINT** |
| Defendants. | |

-------------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants upon information and belief:

**FIRST CAUSE OF ACTION
AGAINST HORIZON**

1.      Plaintiff Vigilant Insurance Company ("Vigilant") is a New York corporation with its principal place of business in New Jersey and a place of business at 55 Water Street, New York, NY.  Vigilant sues herein as subrogated cargo insurer, having paid the insurance claim of its insured and policy-holder Pfizer Pharmaceuticals, LLC ("Pfizer"), who was at all material times the purchaser and consignee of the shipment which is the subject of this action.   Vigilant also seeks recovery of Pfizer's

$25,000.00 deductible interest in the claim in suit and any expenses incurred by Pfizer for storage and disposal of the damaged shipment.

2. Defendant Horizon Lines, LLC ("Horizon") is believed to be a Delaware limited liability company with its principal place of business in Charlotte, North Carolina. At all material times Horizon was engaged in the business of a common carrier of cargo for hire, including multimodal (land and ocean) carriage of shipments to, from, and through the State of New York, and conducts such business with principals located in the State of New York. Horizon carried the shipment in suit on a door-to-door basis from the shipper's premises in Mechanicsburg, Pennsylvania, to the consignee's premises in Vega Baja, Puerto Rico, with ocean carriage aboard the M/V "Horizon Hawaii" from the Port of New York to San Juan, Puerto Rico.

3. Defendant FMC Corporation ("FMC"), also doing business as FMC Biopolymer, is believed to be a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania. At all material times FMC was engaged in the manufacture, sale, and distribution of chemical products, including products for use in the manufacture of pharmaceuticals, and conducts such business within the State of New York and with principals located in the State of New York and has a registered agent within this district. FMC was the manufacturer, seller and shipper of the shipment which is the subject of this action.

4. The M/V "Horizon Hawaii" was at all material times owned, operated, chartered, and/or managed by Horizon and was and is engaged in the common carriage of cargo by water for hire, including carriage of shipments to, from and through the Port of New York. Upon information and belief said vessel is now or will be during the pendency of this action within the jurisdiction of this Court.

5. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6. This action includes an admiralty and maritime claim and the Court has subject matter jurisdiction pursuant to Article III, Section 2, of the Constitution of the United States, 28 U.S.C. § 1333, and Rule 9(h) Fed. R. Civ. P. Concurrently there is federal question, diversity, pendent, ancillary, and supplemental jurisdiction.

7. Plaintiff seeks recovery for damage to a shipment of 200 drums of micro-crystalline croscarmelose sodium (Ac-Di-Sol Croscarmellose Sodium) ("the shipment") intended for use in the manufacture of pharmaceutical products for human consumption. The shipment was manufactured by FMC on or about July 2, 2006 and was tendered for transport on or about July 20, 2006.

8. Horizon provided container SEAU854347-7 for the door-to-door multimodal transportation.

9. Container SEAU854347-7 was delivered by Horizon to FMC's premises on or about July 20, 2006. On that date the shipment was loaded into the container in the presence of Horizon's hired or subcontracted truck driver, who signed the shipper-provided short form bill of lading without exception or notation for damage.

10. Horizon, and entities acting on its behalf, transported the shipment in container SEAU854347-7 from Mechanicsburg, PA, to Vega Baja, P.R., as described more fully in the shipper-provided short form bill of lading 80301382 dated July 20, 2006 and Horizon freight bill 472558310 (HRZD472558310) dated on or about July 22, 2008. (Booking No. SLX972034)

11. Although clean transportation documents were issued for the land carriage from the shipper's premises to the Port of New York, and for the ocean carriage from the load port to San Juan, and the shipment was otherwise represented to be in good order and condition at the time of dispatch, the shipment was in damaged and depreciated condition when it was delivered to Pfizer in Puerto Rico on or about July 27, 2006.

12. The condition of the shipment at the time of delivery indicated that it had been exposed to contamination by an oil product or other such substance which permeated the packing materials and rendered the product unfit for intended usage.

13. The damage to the shipment was caused by (a) the unseaworthiness of the carrying vessel and container; (b) Horizon's failure to properly and safely load, stow, carry, protect, care for, and deliver the shipment; and (c) Horizon's material deviation from, and fundamental breach of, the terms of the carriage contract.

14. As a result of the aforesaid plaintiff sustained damages in the amount of $156,200.00, plus certain incidental expenses including but not limited to survey fees. Plaintiff also seeks recovery of storage fees and anticipated expenses for segregation, destruction and disposal of the damaged product.

15. Plaintiff sues herein on its own behalf and for and on behalf of the shipper, consignee, and owner of the shipment, and for anyone else who may now have, or hereafter acquire, an interest in the action.

**SECOND CAUSE OF ACTION**
**AGAINST FMC**

16. Plaintiff repeats and realleges the allegations in paragraphs 1, 3, 5, 6, 7, 8, 9, 10, 11, 12, 14, and 15 of this complaint and asserts the following alternative cause of action against FMC.

17. FMC contracted to sell the shipment to Pfizer for $142,500.00 on an ex works Mechanicsburg basis as outlined *inter alia* in purchase order V200012154 and invoice 80301382 dated July 20, 2006.

18. Pfizer contracted to purchase the shipment at said price for use in the manufacture of pharmaceuticals for human consumption.

19. FMC was aware of Pfizer's intended use of the shipment and certified, represented and warranted that the product was in good order and condition and in all

respects conforming to specifications of the sales contract and other requirements as outlined in a certificate of analysis signed by FMC's quality manager.

20.     When the shipment was delivered to Pfizer it was not in good order and condition and did not conform to the terms of the sales contract or the certifications, representations and warranties by FMC.

21.     At the time of delivery to Pfizer the shipment was in damaged and depreciated condition as a result of exposure to a contaminant believed to be an oil product, such as diesel oil, or other similar substance.

22.     Horizon has represented that the contamination to the shipment did not occur during its door-to-door period of custody and has alleged that the damage arose before transportation during the custody of FMC.

23.     If and to the extent it is determined that the damage to the shipment arose during FMC's pre-carriage custody, FMC is liable to plaintiff for breach of the contract of sale.

### SECOND CAUSE OF ACTION
### AGAINST FMC

24.     Plaintiff repeats and realleges the allegations in paragraphs 1, 3, 5, 6, 7, 8, 10, 11, 12, 14, 15, and 17 thru 22 of this complaint and asserts the following alternative cause of action against FMC.

25.     FMC is liable to plaintiff for breach of warranty.

### THIRD CAUSE OF ACTION
### AGAINST FMC

26.     Plaintiff repeats and realleges the allegations in paragraphs 1, 3, 5, 6, 7, 8, 10, 11, 12, 14, and 15 of this complaint and asserts the following alternative cause of action against FMC.

5

27.     FMC owed a duty to Pfizer to protect and care for the shipment prior to transportation and to tender the shipment to the designated receiving carrier in good order and condition.

28.     If Horizon's allegations as to the cause of the damage are deemed to be true, FMC breached this duty by allowing the shipment to be exposed to contamination prior to transport and thereby rendering it unfit for intended usage.

29.     As a result of this breach of duty FMC is liable to plaintiff for damages as set forth in Paragraph 14 of this complaint.

Date:   New York, New York
        July 17, 2008

                                            *s/David L. Mazaroli*
                                            _____
                                            David L. Mazaroli (DM 3929)
                                            Attorney for Plaintiff
                                            11 Park Place - Suite 1214
                                            New York, New York 10007
                                            Tel.: (212)267-8480
                                            Fax.: (212)732-7352
                                            E-mail: dlm@mazarolilaw.com
                                            File No.: 7C-1533